**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| 819D LLC )<br>1928 37th STREET, NW )<br>WASHINGTON, DC 20007 )<br>)<br>          PLAINTIFF, )<br>)<br>v. )<br>)<br>PCG CONSTRUCTION GROUP, LLC )<br>4915 ASHBURN DRIVE )<br>BETHESDA, MD 20814 )<br>)<br>     SERVE: REGISTERED AGENT )<br>          Brian Lucey )<br>          1420 N Street, NW, #701 )<br>          Washington, DC 20005 )<br>)<br>     AND )<br>)<br>TRAVELERS CASUALTY AND )<br>SURETY COMPANY OF AMERICA )<br>ONE TOWER SQUARE )<br>HARTFORD, CT 06183 )<br>)<br>     SERVE: One Tower Square )<br>          Hartford, CT 06183 )<br>)<br>          DEFENDANTS )  | **Case No. 1:19-cv-80** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW THE PLAINTIFF, 819D LLC ("Plaintiff" or "819D" or "Owner"), by and through counsel, and in support of its Complaint against POTOMAC CONSTRUCTION GROUP, LLC ("PCG" or "Contractor") and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA ("Travelers" or "Surety")("collectively, Defendants"), states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is a District of Columbia limited liability company with its principal office located at 1928 37th Street, NW, Washington, DC 20007.

2. Defendant PCG is a Delaware limited liability company with its principal office located at 4915 Ashburn Ave, Suite 305, Bethesda, Maryland 20814.

3. Defendant Travelers is a Connecticut corporation with a principal place of business of One Tower Square, Hartford, Connecticut, 06183.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. The Court has personal jurisdiction over all parties to this action as the acts and omissions that form the basis for plaintiff's claims in this case occurred in the District of Columbia, relate to contractual obligations to be performed in the District of Columbia, and relate to property located in the District of Columbia.

6. Venue is proper in this Court pursuant to 28 U.S. Code § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and property that is the subject of the action is situated in this judicial district.

## FACTS

7. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth in this Paragraph.

### Background

8. 819D acquired and renovated property located at 819 D Street, NE, Washington, DC 20002 ("the Project") known as the Sanctuary Condominiums ("the Property").

9. In connection with that renovation, 819D entered into a written contract with Potomac to perform construction and related work at the Project consisting of an AIA A102-2007 Standard Form Agreement Between Owner and Contractor (as modified by the parties) made on or about July 28, 2014, and related documents ("the Contract").

10. In connection with the Project, Defendant Travelers issued Performance Bond No. 201968660 ("the Bond"), pursuant to which Travelers, as Surety ensured PCG's performance of the Contract and completion with the Project in accordance with the terms and conditions of the Contract.

11. Under the terms of the Bond, Travelers' obligation to perform the Project and complete the Contract in accordance with its terms and conditions is coextensive with that of PCG.

12. As part of its renovation of the Property, 819D submitted an Application for Condominium Registration to the District of Columbia Department of Housing and Community Development ("DHCD") Rental Conversion and Sale Division. DHCD approved that application and the registered the property and the project as The Sanctuary Condominiums.

PCG's Warranty Obligations

13. District of Columbia law requires a condominium declarant to provide condominium purchasers a limited warranty against structural defects pursuant to D.C. Code 42-1903.16 ("the Limited Structural Warranty").

14. In the Contract between 819D and PCG, PCG expressly warranted its work against all structural defects that fall within the scope of the limited structural warranty that a condominium declarant must provide to condominium buyers.

Specifically, Section 15.6 of the July 28, 2014 AIA-A102 agreement expressly provides that PCG shall provide "Standard 1 year builders warranty <u>in addition to requirements per DC Code §42-1903.16</u>." (emphasis added).

15. The District of Columbia Condominium Act, D.C. Code §42-1901.01 *et seq*. ("the Condominium Act"), requires a two-year limited warranty for structural defects in the property, which (a) for defects in common areas and common elements, runs from the date of sale of the first residential unit to a unit owner; and (b) for defects in an individual unit, runs from the date of initial sale of that particular unit.

16. Thus, in addition to any other contractual warranties to which PCG agreed, PCG contractually warranted its work against structural defects in the property as defined by the Condominium Act for the period of time required by the Condominium Act.

17. The first residential unit at the Sanctuary Condominiums was sold on December 29, 2016 and the last residential unit was sold on October 13, 2017.

18. Accordingly, PCG's two-year warranty for common areas and elements commenced on December 29, 2016 and the two-year warranty period for all other individual units commenced after that, such all areas of the Property remain within the statutory warranty period that is a part of PCG's contract. PCG has expressly stated to 819D and to one or more unit owners that its contractual warranties for its Work at the Property have expired.

19. PCG has affirmatively stated that its contractual warranties for its Work at the Property have expired.

20. PCG's statements that its warranty obligations have expired are false.

21.     The Sanctuary's condominium unit owners association ("the Association") and certain owners of individual units have alleged the existence of structural defects in their units within the scope of the Limited Structural Warranty,.

22.     PCG's contention that its warranty has expired has created an actual controversy with respect to the Association's and unit owners' allegations of structural defects and has and will cause 819D to sustain damages as a result.

PCG's Financial Improprieties

23.     In order to receive payments from 819D, the Contract required PCG to provide, among other things, releases and/or waivers of liens from PCG's subcontractors, suppliers, and vendors whose labor, materials, or other services formed a part of the basis for PCG's request for payment from 819D.

24.     In addition, by submitting any Applications for Payment to the 819D, PCG represented and warranted to 819D that it would use funds received from 819D to properly pay all subcontractors for labor, materials, or equipment provided to the Project; that it had used all payments previously received from 819D to properly paid all subcontractors for labor, materials, or equipment previously provided to the Project; and that PCG was not requesting payment for any portion of the Work for which PCG did not intend to pay a subcontractor or supplier.

25.     PCG submitted Applications for Payment based in whole or in part upon labor, materials, equipment, and other services provided to the Project by PCG subcontractors.

26. PCG received and accepted payment from 819D for its Applications for Payment, but failed to use the payments received from 819D to properly pay its subcontractors.

27. PCG knowingly misrepresented to 819D that it had at all times used payments received from 819D to properly pay subcontractors when PCG had failed to properly pay subcontractors with payments received from 819D.

28. PCG's false representations regarding its use of 819D payments were material misrepresentations.

29. PCG made those false representations to 819D with the intent that 819D rely upon them and 819D did in fact reasonably rely upon PCG's intentional misrepresentations.

30. 819D sustained damages as a result of PCG's material misrepresentations.

31. In addition, on or about February 29, 2017, PCG submitted a document to 819D dated February 27, 2017 and entitled "Final Release of Liens" from subcontractor JR Roofing & Siding, Inc. ("JR Roofing").

32. No representative of JR Roofing had signed the February 27, 2017 Final Release of Liens ("the JR Release").

33. PCG forged the signature that appears on the JR Release.

34. The JR Release contained false information. It stated that JR Roofing had received full payment by PCG for its work on the Project when in fact it had not been paid in full.

35. PCG knowingly, deliberately, and maliciously submitted the JR Release to 819D with a forged signature and false information.

36. PCG submitted the forged and false JR Release to induce 819D's reliance upon that document so that 819D would issue payments to PCG.

37. 819D issued payments to PCG at the time of or following PCG's misrepresentations and forged document(s) in the amount of at least $375,000.00.

38. 819D only recently learned of PCG's forgery of the JR Release and 819D's investigation into PCG's payments (or non-payments) to subcontractors continues.

39. In addition to its failure to properly pay JR Roofing, upon information and belief, PCG also failed to properly and timely pay its other subcontractors including Cumberland Glass, Kone, Inc., and others.

40. PCG's conduct has caused 819D to sustain damages.

## COUNT I
## BREACH OF CONTRACT (AGAINST ALL DEFENDANTS)

41. Plaintiff incorporates by the foregoing paragraphs by reference.

42. The Contract required PCG to properly pay subcontractors and to honor its contractual warranty obligations.

43. PCG has failed to properly pay subcontractors and to honor its contractual warranty obligations.

44. PCG's failures constitute a material breach of contract.

45. As a direct and proximate result of PCG's breach of the parties' agreement, 819D has suffered monetary damages in an amount to be determined at trial but not less than $500,000.00, plus attorneys' fees, costs, pre and post-judgment interest, and such other relief as the Court deems appropriate.

46. Under the terms of the Bond, Travelers' obligation to perform the Project and complete the Contract in accordance with its terms and conditions is coextensive with that of PCG.

WHEREFORE, 819D respectfully requests a judgment in its favor and against the Defendants on Count I of its Complaint in an amount to be determined at trial but not less than $500,000.00 plus attorneys' fees, interest, penalty interest, costs and any and all other damages recoverable at law or in equity, and any other relief that the Court deems proper.

## COUNT II
## BREACH OF CONTRACT – BREACH OF WARRANTY
## (AGAINST ALL DEFENDANTS)

47. Plaintiff incorporates by the foregoing paragraphs by reference.

48. PCG provided 819D with a warranty for its work that is coextensive with the requirements of the Limited Structural Warranty.

49. PCG has failed to abide by its warranty obligations and has affirmatively (and wrongly) stated that it believes its warranty obligations have expired.

50. As a direct and proximate result of PCG's breach of contractual warranties, 819D has suffered monetary damages in an amount to be determined at trial but not less than $500,000.00, plus attorneys' fees, costs, pre and post-judgment interest, and such other relief as the Court deems appropriate.

51. Under the terms of the Bond, Travelers' obligation to perform the Project and complete the Contract in accordance with its terms and conditions is coextensive with that of PCG.

WHEREFORE, 819D respectfully requests a judgment in its favor and against the Defendants on Count II of its Complaint in an amount to be determined at trial but not less than

$500,000.00 plus attorneys' fees, interest, penalty interest, costs and any and all other damages recoverable at law or in equity, and any other relief that the Court deems proper

## COUNT III
## BREACH OF CONTRACT – BREACH OF DUTY OF GOOD FAITH AND FAIR DEAILING

52. Plaintiff incorporates the foregoing paragraphs by reference.

53. In the District of Columbia, every contract carries with it an implied duty of good faith and fair dealing.

54. By engaging in the conduct described above, and particularly its deliberate and unconscionable forgery and false representations, PCG violated its obligation to act in good faith and deal fairly with 819D.

55. As a direct and proximate result of the breach of the parties' agreement by PCG, 819D has suffered monetary damages in an amount to be determined at trial but not less than $500,000.00 plus attorneys' fees, costs, pre and post-judgment interest, and such other relief as the Court deems appropriate.

56. Under the terms of the Bond, Travelers' obligation to perform the Project and complete the Contract in accordance with its terms and conditions is coextensive with that of PCG.

WHEREFORE, 819D respectfully requests a judgment in its favor and against the Defendant, PCG, on Count III of its Complaint in an amount to be determined at trial but not less than fifty percent of the gross profits received by PCG for the Project, plus attorneys' fees, interest, penalty interest, costs and any and all other damages recoverable at law or in equity, and any other relief that the Court deems proper.

## COUNT IV
## FRAUD

57. Plaintiff incorporates by the foregoing paragraphs by reference.

58. PCG knowingly misrepresented to 819D that it had at all times used payments received from 819D to properly pay subcontractors when PCG had failed to properly pay subcontractors with payments received from 819D.

59. PCG represented that it had properly paid all subcontractors all sums owed when in fact it had not properly paid JR Roofing, Cumberland Glass, Kone, and, upon information and belief, other subcontractors.

60. PCG's false representations regarding its use of 819D payments were material misrepresentations.

61. PCG made those false representations to 819D with the intent that 819D rely upon them and 819D did in fact reasonably rely upon PCG's intentional misrepresentations.

62. 819D sustained damages as a result of PCG's material misrepresentations by making payments to PCG throughout the Project.

63. In addition, on or about February 29, 2017, PCG knowingly and deliberately submitted the forged JR Release to PCG.

64. PCG intentionally submitted the forged and false JR Release to induce 819D's reliance upon that document as evidence that PCG had paid JR Roofing in full, even though PCG had failed to pay JR Roofing in full.

65. PCG induced 819D's reliance upon the forged and false JR Release so that 819D would issue payments to PCG.

66. 819D reasonably relied upon the PCG's forged and false JR Release and issued payments to PCG at the time of or following PCG's misrepresentations and forged document(s) in the amount of at least $375,000.00.

67. PCG's conduct has caused 819D to sustain damages by inducing 819D to make payments to PCG to which PCG was not contractually entitled.

68. At the time of PCG's representations recited herein, those representations were not true.

69. PCG made those representations in relation to material facts.

70. Said statements were made with intent to deceive.

71. Said statements were made with knowledge of their falsity.

72. 819D reasonably relied upon PCG's false and intentionally deceptive statements to its detriment.

WHEREFORE, 819D respectfully requests a judgment in its favor and against the Defendant, PCG, on Count VI of its Complaint in an amount to be determined at trial but not less than $500,000, plus attorneys' fees, interest, penalty interest, costs, punitive damages, sanctions, and any and all other damages recoverable at law or in equity, and any other relief that the Court deems proper.

## COUNT V
### ACTION FOR AN ACCOUNTING

73. Plaintiff incorporates the foregoing allegations by reference.

74. PCG's actionable conduct, as described throughout this Complaint, has caused 819D to sustain damages.

75. PCG has caused 819D to sustain damages in part through its misrepresentations regarding PCG's alleged use of 819D payments to pay Project

subcontractors when PCG actually failed to make proper payments to its subcontractors from payments received by 819D.

76. Under the circumstances, and in light of PCG's deliberate and egregious financial misconduct – including but not limited to forging documents containing false information in to obtain payment from 819D – an accounting of PCG's project finances is necessary.

WHEREFORE, 819D respectfully prays for an accounting of the Project finances with respect to all activities related to the work of PCG, 819D, the Subcontract, and all aspects of the Project and the Work related thereto, and 819D further prays that all professional fees, costs, and expenses associated with said accounting be assessed against PCG.

## COUNT IX
## ACTION FOR DECLARATORY JUDGMENT

77. Plaintiff incorporates the foregoing paragraphs by reference.

78. PCG's denial of its existing warranty obligations has created an actual controversy with respect to certain allegations of structural defects by the Association and individual unit owners.

79. 819D is entitled to a declaratory judgment, pursuant to D.C. Superior Court Rule 57 and 28 U.S.C. § 2201, that PCG's warranty obligation is legally valid and binding to the full extent of the limited structural warranty required by the District of Columbia Condominium Act, that said warranty has not expired, and that Defendants are required to obligated to act in accordance with said warranty obligations.

80. Under the terms of the Bond, Travelers' obligation to perform the Project and complete the Contract in accordance with its terms and conditions is coextensive with that of PCG.

81. WHEREFORE, Plaintiff 819D LLC respectfully requests a declaration and judgment in its favor and against the Defendants that PCG's warranty obligation is legally valid and binding to the full extent of the limited structural warranty required by the District of Columbia Condominium Act, that said warranty has not expired, and that Defendants are required to obligated to act in accordance with said warranty obligations and that all fees, costs, and expenses associated with said accounting be assessed against Defendants.

### PRAYER FOR RELIEF

WHEREFORE**,** plaintiff respectfully asks that the Court enter judgment in its favor and against defendants on all counts of its Complaint in an amount to be determined at trial, but not less than $500,000.00, plus declaratory relief, attorneys' fees, pre and post-judgment interest, costs, punitive damages, sanctions, and any and all other damages recoverable at law or in equity, and any other relief that the Court deems proper.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

Respectfully submitted,

*/s/ Mark D. Crawford*
Mark D. Crawford (Bar # 449004)
Law Offices of Mark D. Crawford, PLLC
2111 Wilson Blvd., Suite 700
Arlington, VA 22201
703-351-5024
703-351-9292 (Fax)
mcrawford@mdc-law.com
Counsel for 819D LLC