UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **819D LLC,**<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>**POTOMAC CONSTRUCTION GROUP, LLC**,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-00080 (TNM) |

### MEMORANDUM ORDER

Defendant Potomac Construction Group, LLC ("Potomac") has yet to appear or participate in this litigation, which is more than a year old. Plaintiff 819D LLC ("819D") has diligently pursued its case, but it has been stymied by Potomac's absence. 819D now moves for a default judgment against Potomac. For the following reasons, the Court will grant in part and deny in part the motion.

### I.

In July 2014, 819D entered into a written contract with Potomac for work on the renovation of condominiums in Washington, D.C. *See* Compl. & Demand for Jury Trial ("Am. Compl.") ¶¶ 7–8, ECF No. 16. The parties' contract required Potomac to secure a performance bond for its work under the contract, and Potomac provided one from Travelers Casualty and Surety Company of America ("Travelers") for $5,883,560.00. *See id.* ¶¶ 9–11; Pl.'s Rule 55(b) Appl. for Entry of Default J. ("Pl.'s Mot.") Ex. 3 at 1, ECF No. 27-6. Travelers was to serve as surety and ensure Potomac's performance under the contract. Am. Compl. ¶ 9.

819D alleges that Potomac failed to complete its work on the condominiums, and it later discovered that Travelers had never issued any performance bond to Potomac for the work. *Id.*

¶¶ 23–24.  819D claims that the individual who purportedly signed the performance bond on behalf of Travelers did not work there and "Travelers does not have a surety relationship with [Potomac] and has not issued surety bonds for [Potomac]." *Id.* ¶ 25.

The parties' contract also required Potomac to provide an express warranty against "all structural defects," including a "1 year builders warranty in addition to requirements per DC Code §42-1903.16." *Id.* ¶ 14 (cleaned up).  The D.C. Code "requires a two-year limited warranty for structural defects in the property." *Id.* ¶ 15.  819D alleges that the owner's association of the condominiums and several individual residents identified structural defects with their properties, but Potomac "affirmatively stated that its contractual warranties . . . have expired." *Id.* ¶ 18–19, 21.

Under the contract, Potomac also had to submit "releases and/or waivers of liens from [its] subcontractors, suppliers, and vendors whose labor, materials, or other services formed a part of the basis for [its] request for payment from 819D." *Id.* ¶ 27.  When Potomac submitted requests for payment, it represented "that it would use funds received from 819D to properly pay all subcontractors." *Id.* ¶ 28.  819D alleges that Potomac "failed to use the payments received from 819D to properly pay its subcontractors." *Id.* ¶ 30.  And it claims Potomac submitted a "Final Release of Liens" from subcontractor JR Roofing & Siding, Inc., which stated that Potomac provided full payment for the subcontractor's work "when in fact it had not been paid in full." *Id.* ¶¶ 35–38.  819D alleges that Potomac similarly failed to pay other subcontractors as well. *Id.* ¶ 43.

819D first sued both Potomac and Travelers, but it later voluntarily dismissed Travelers as a defendant.  *See* Compl. & Demand for Jury Trial, ECF No. 1; Notice of Voluntary Dismissal, ECF No. 7.  819D then filed an Amended Complaint raising seven claims against Potomac:

Breach of Contract (Count I), Breach of Warranty (Count II), Breach of Duty of Good Faith and Fair Dealing (Count III), Fraud (Count IV), Action for an Accounting (Count V), Action for Declaratory Judgment (Count VI), and Punitive Damages (Count VII).  *See* Am. Compl. Potomac did not respond to either complaint.

819D moved for a default entry.  Rule 55(a) Mot. for Entry of Default, ECF No. 22.  And the Clerk entered default against Potomac.  *See* Default, ECF No. 24.  There was still no response from Potomac.  819D then filed this motion for a default judgment.  *See* Pl.'s Mot.

In support of its motion, 819D submits the following evidence:  an affidavit from its President, the Amended Complaint, the written contract between 819D and Potomac, the performance bond from Travelers, an affidavit from a senior counselor of Travelers, the Final Release of Liens from JR Roofing & Siding, Inc., and an email chain between 819D and JR Roofing & Siding, Inc.

## II.

"Default judgments are not favored by modern courts, perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing."  *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).  That is why they "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam).

Rule 55 establishes a two-step process for default judgments.  First, the plaintiff asks the Clerk of Court to enter a default when the opposing party "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  After the Clerk enters the default on the docket, the plaintiff then moves for a default judgment under Rule 55(b).

"Whether the entry of a default judgment is appropriate is committed to the sound discretion of this Court." *Boland v. Yoccabel Constr. Co.*, 293 F.R.D. 13, 17 (D.D.C. 2013). "A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). "After establishing liability, the court must make an independent evaluation of the damages to be awarded and has considerable latitude in determining the amount of damages." *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 103 (D.D.C. 2015) (cleaned up).

### III.

#### A.

Potomac has yet to appear or participate in this case. It failed to respond to either complaint or this motion for a default judgment, and it has not moved to set aside the default entered by the Clerk. As a result, the Court will enter a default judgment against Potomac. *Accord Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 68 (D.D.C. 2011) (entering default judgment where defendant responded "neither to the plaintiffs' request for default nor to their motion for default judgment"). Now the Court need only determine whether the allegations for each count are well-pleaded to establish Potomac's liability. *See id.* at 67.

The elements for breach of contract (Count I) and breach of warranty (Count II) are the same. A party must show (1) a valid contract; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages. *See SNH Med. Off. Props. Tr. v. Healthy Eateries LLC*, 325 F.R.D. 514, 518 (D.D.C. 2018); *Wetzel v. Cap. City Real Estate, LLC*, 73 A.3d 1000, 1005 (D.C. 2013). 819D alleges that it entered a contract with Potomac, which required Potomac to pay its subcontractors and honor its warranty obligations. Am. Compl. ¶¶ 8,

4

11, 46, 53.  819D claims Potomac failed to fulfill these obligations causing 819D to sustain damages.  *Id.* ¶¶ 47–51, 54–56.  These allegations state a claim under Counts I and II.

The duty of good faith and fair dealing (Count III) "prevents a party from evading the spirit of the contract, willfully rendering imperfect performance or interfering with the other party's performance."  *Hais v. Smith*, 547 A.2d 986, 987–88 (D.C. 1988).  819D details Potomac's forgery of the Travelers's performance bond and "its elaborate course of deceitful conduct with respect to" that bond.  Am. Compl. ¶ 59; *see id*. ¶¶ 23–26; Pl.'s Mot. Exs. 3–4.  It also shows other misconduct by Potomac, including false representations about subcontractor payments.  *See* Am. Compl. ¶¶ 27–44, 59; Pl.'s Mot. Exs. 5–6.  Thus, Potomac is liable under Count III because it "destroyed or injured the right of [819D] to receive the fruits of the contract."  *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000) (cleaned up).

To establish fraud (Count IV), the plaintiff must show that "(1) the defendant made a false representation; (2) in reference to material fact; (3) with knowledge of its falsity; (4) with the intent to deceive the plaintiff; (5) the plaintiff acted in reasonable reliance on that representation; (6) and which consequently resulted in provable damages."  *Cordoba Initiative Corp. v. Deak*, 900 F. Supp. 2d 42, 47 (D.D.C. 2012) (cleaned up).  819D meets these requirements.  It offers extensive allegations that Potomac knowingly and intentionally perpetrated multiple fraudulent schemes over the condominium project on which 819D relied, including misrepresentations that Potomac properly paid subcontractors and obtained an authentic performance bond from Travelers, and that it "knowingly and deliberately submitted the forged" liens release from subcontractor JR Roofing & Siding, Inc.  Am. Compl. ¶¶ 61–82.

A right to an accounting (Count V) exists if a party is "unable to determine how much, if any, money is due from another."  *Bates v. Nw. Hum. Servs., Inc.*, 466 F. Supp. 2d 69, 103

5

(D.D.C. 2006) (cleaned up). "Such relief may be obtained at the close of a litigation in actions arising out of a tort where there is an allegation of fraud." *Id.* (cleaned up). That is the case here. 819D cannot access Potomac's records. And an "accounting of [Potomac's] project finances is necessary" because 819D cannot determine the exact damages it sustained as a result of Potomac's "deliberate and egregious financial misconduct." Am. Compl. ¶¶ 83–86.

And an "actual controversy" exists to warrant declaratory relief under Count VI. *See* 28 U.S.C. § 2201(a). 819D has shown that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Several condominium residents have claimed structural defects with their properties, but Potomac denies its warranty obligations under the parties' contract. *See* Am. Compl. ¶¶ 12–22, 87–89.

The Court, however, declines to award punitive damages under Count VII. "Punitive damages are warranted only when the defendant commits a tortious act accompanied with fraud, ill will recklessness, wantonness, oppressiveness, wilful disregard of the plaintiff's right, or other circumstances tending to aggravate the injury." *Butera v. District of Columbia*, 235 F.3d 637, 657 (D.C. Cir. 2001) (cleaned up). 819D must show "by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent." *Id.* (cleaned up). And "proof of fraud alone, unaccompanied by aggravating circumstances, is *not* sufficient to justify punitive damages." *BWX Elecs. v. Control Data Corp.*, 929 F.2d 707, 712 (D.C. Cir. 1991) (emphasis in original).

The Court agrees with 819D that Potomac's conduct is troubling. But 819D has not established by clear and convincing evidence that Potomac acted with "malice or its equivalent." *Accord Robinson v. Ergo Sols., LLC*, 4 F. Supp. 3d 171, 180 (D.D.C. 2014) (declining to impose

6

punitive damages in default judgment when the plaintiff "put on no evidence whatsoever regarding the mental state of the alleged wrongdoers in this case"). To be sure, the allegations prove Potomac engaged in fraudulent conduct involving "fake payment and performance bonds and forgery of documents." *See* Pl.'s Mot. at 4. But fraud alone is not enough. And the allegations do not "rise to the level of 'gross fraud' or comparable wrongdoing to sufficiently justify awarding punitive damages." *Reisinger v. Dist. Builders of S. Md., LLC*, No. CV 19-1358 (JEB), 2020 WL 1189305, at *3 (D.D.C. Mar. 12, 2020) (denying punitive damages in default judgment motion). Thus, Potomac is not liable under Count VII.

## B.

Having established Potomac's liability for Counts I through VI of the Amended Complaint, the Court now turns to damages. "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). The party "must prove its entitled to the amount of monetary damages requested using detailed affidavits or documentary evidence on which the court may rely." *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31, 36 (D.D.C. 2014) (cleaned up). And it must prove these damages "to a reasonable certainty." *Elite Terrazzo Flooring*, 763 F. Supp. 2d at 68. The evidence from 819D falls short.

819D relies only on an affidavit from its president, Andrew Rubin, to support its claim for damages. *See* Aff. in Supp. of Default J. ("Rubin Aff."), ECF No. 27-2. But the Rubin Affidavit raises more questions than it answers. And it does not provide "sufficient information for the Court to make the necessary determination on the amount of damages owed." *SNH Med. Off. Props. Tr.*, 325 F.R.D. at 519. Instead, the Rubin Affidavit "has simply listed the dollar

figures for these costs, without any explanation as to their calculation." *GAG Enters., Inc. v. Rayford*, 312 F.R.D. 230, 234 (D.D.C. 2015).

For example, 819D claims it "incurred damages in the amount of $35,784.46 to pay for the cost to perform the contract that Potomac had left incomplete and to correct defective work installed by Potomac." Rubin Aff. ¶ 9 (cleaned up).  This is not enough.  819D submits no invoices, bank statements, contracts, or other documentary evidence proving it made payments in this amount.  Nor does 819D justify how it incurred these costs as a result of Potomac's failure to perform its contractual obligations.

819D also seeks to recoup $372,975.36, which represents the entire contractor fee owed to Potomac under the parties' contract. *See id.* ¶ 13; Pl.'s Mot. Ex. 2 at 4.  But 819D fails to explain why Potomac is "not contractually entitled to receive" any of this fee.  Rubin Aff. ¶ 13.  819D does not allege that Potomac performed no work on the project, only that the work was defective and incomplete.  *See* Am. Compl. ¶ 23.  And this is already the basis for a separate damages claim.  Rubin Aff. ¶ 9.  So 819D needs to prove why it should still recover this full amount.  *Accord GAG Enters.*, 312 F.R.D. at 235 ("Plaintiff does not state a basis as to why Defendant owes Plaintiff these costs.").

The Court is similarly left guessing about the other damages claims.  819D requests $56,965.57 for premium payments, which includes $50,285.00 in direct costs and $6,680.57 in interest costs.  Rubin Aff. ¶ 11.  The record, however, lacks any evidence proving payments were made in this amount, to whom the payments were made, or a breakdown between the direct and interest payments.

819D also seeks $27,465.00 in attorney's fees.  *Id.* ¶ 14.  The Court must make a "judgment call" on whether these fees are reasonable.  *Combs v. Coal & Min. Mgmt. Servs., Inc.*,

105 F.R.D. 472, 475 (D.D.C. 1984) (cleaned up).  But it cannot do so based on the Rubin Affidavit.  819D offers no invoices for its legal work, or declarations from its attorneys attesting to the work performed, the hours billed for that work, the billing rate, and the reasonableness of that rate.

819D requests $365,016.00 because the "District of Columbia continues to hold" a structural warranty bond in that amount.  Rubin Aff. ¶ 16.  On this record, the Court cannot confirm that a structural warranty bond exists in this amount, or that the District of Columbia refuses to release that bond.  819D also needs to justify why it is entitled to these compensatory damages *and* the declaratory relief sought under Count VI of the Amended Complaint.  *See* Am. Compl. ¶¶ 87–89.

In sum, 819D has not "provided any basis demonstrating its entitlement to its requested damages amount."  *Fed. Nat'l Mortg. Ass'n v. Epicurean Foods, LLC*, Civil Action No. 16-1154 (RBW), 2018 WL 4193639, at *3 (D.D.C. June 21, 2018).  819D must submit additional evidence proving the compensatory damages it seeks.

## IV.

For these reasons, it is hereby **ORDERED** that 819D's motion for a default judgment is GRANTED in part as to liability for Counts I through VI of the Amended Complaint, but DENIED WITHOUT PREJUDICE in part as to liability for Count VII and an award of damages.  It is further **ORDERED** that 819D shall supplement its motion for a default judgment by filing on the docket another submission proving its entitlement to the requested amount of compensatory damages on or before October 16, 2020.

**SO ORDERED.**

Dated:  September 14, 2020                                           TREVOR N. McFADDEN, U.S.D.J.