## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **819D LLC,** | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-00080 (TNM) |
| **POTOMAC CONSTRUCTION GROUP, LLC,** | |
| Defendant. | |

## <u>MEMORANDUM ORDER</u>

Plaintiff 819D LLC ("819D") moved for default judgment against Defendant Potomac Construction Group, LLC ("Potomac"). The Court granted the motion as to Potomac's liability, but declined to award damages because 819D did not provide sufficient evidence. 819D files a supplemental statement seeking to prove these damages. Based on the evidence, the Court will grant 819D $339,384.13 in compensatory damages.

### I.

The Court need only briefly recount the facts, which are set out fully in the prior decision. *See 819D LLC v. Potomac Constr. Grp., LLC*, No. 1:19-cv-00080 (TNM), 2020 WL 5518215 (D.D.C. Sept. 14, 2020) ("*819D I*"). 819D sued Potomac for failure to perform their contract to renovate condominiums in Washington, D.C. *Id.* at *1. 819D alleged that Potomac failed to

complete its work on the condominiums, falsely represented that it secured a performance bond required for the work, and failed to use payments from 819D to properly pay subcontractors. *Id.*

Potomac never responded to the complaint. *Id.* So 819D sought default judgment against Potomac under Federal Rule of Civil Procedure 55. *Id.* at *2.

The Court partially granted 819D's default judgment motion. The Court found the allegations sufficient to establish Potomac's liability for all counts except punitive damages. *Id.* at *2–3. But the Court denied without prejudice the damages sought because 819D failed to provide "sufficient information for the Court to make the necessary determination on the amount of damages owed." *Id.* at *4 (cleaned up). The Court allowed 819D to supplement its motion with "another submission proving its entitlement to the requested amount of compensatory damages." *Id.* at *5.

819D timely filed its supplemental submission on damages. *See* Pl.'s Suppl. Statement in Supp. Default J. Damages ("Pl.'s Statement"), ECF No. 31.

## II.

For default judgments, courts make an "independent determination of the sum to be awarded." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). The moving party "must prove its entitlement to the amount of monetary damages requested using detailed affidavits or documentary evidence on which the court may rely." *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31, 36 (D.D.C. 2014) (cleaned up). And it must prove "these damages to a reasonable certainty." *Boland v. Elite Terrazzo Flooring*, 763 F. Supp. 2d 64, 68 (D.D.C. 2011).

### III.

819D seeks these damages:  $36,993.27 for costs incurred to perform work assigned to Potomac, Pl.'s Statement at 1; $56,004.17, which represents the sum Potomac requested for premium payments on the performance bond it never obtained, *id.* at 2; $308,395.52 in payments to Potomac based on fraudulent subcontractor lien releases, *id.* at 3; $365,016.00 to recover the statutory warranty bond that the District of Columbia will not release, *id.*; $372,975.36, which represents Potomac's profits on the condominiums project, *id.* at 3–4; and $27,465.00 in attorney's fees and costs, *id.* at 4.[1]  The Court will partially award these damages.

First, 819D claims $36,993.27 in damages "to have work performed that should have been done by [Potomac] at no cost under its warranty obligations" and "to pay [Potomac] for work that [Potomac] would not perform without payment." *Id.* at 1–2; *see also* Aff. Supp. Default J. ("Rubin Aff.") ¶ 9, ECF No. 31-1 ("819D incurred damages in the amount of $36,993.27 to pay for the cost to perform contract that [Potomac] had left incomplete and correct defective contract work installed by [Potomac].").  Such damages are recoverable here because they "arise directly from the breach itself." *Mercer Mgmt. Consulting, Inc. v. Wilde*, 920 F. Supp. 219, 238 (D.D.C. 1996) (cleaned up).  819D, however, only proves some of these damages.

As support, 819D offers a list of payments made to third-party vendors, which provides the date, third-party name, payment amount, and check number for most payments.[2] *See* Pl.'s Statement Ex. 1, ECF No. 31-2.  But the Court can only confirm some of these payments. *Id.* Ex. 2, ECF No. 31-3.  819D submits no proof that it paid $29,971.04 to Potomac or $635.00 to

---

[1]  All page citations are to the page numbers that the CM/ECF system generates.

[2]  Other payments are listed as "Reimbursement" with no check number or have no designation. Pl.'s Statement Ex. 1, ECF No. 31-2.

S.P.D. Company, although both payments are included on the list. *Id.* Exs. 1, 2.  Payments the Court can confirm total $**4,955.48**.[3]  *Id.*  819D can recover this sum.  The Court, however, declines to award the remaining amount based only on 819D's internal list.[4]  *See Mercer Mgmt. Consulting*, 920 F. Supp. at 238 ("[A] plaintiff must provide a reasonable basis upon which damages may be estimated.").

Second, 819D asks for $50,285.00, which represents payments to Potomac based on its false representations that it paid premiums on a performance bond for the condominiums project. Pl.'s Statement at 2; *see also* Rubin Aff. ¶ 11.  819D also seeks $5,719.17 it paid in interest on a loan used to pay Potomac.  *Id.*  The Court finds that these payments were "direct consequences" of Potomac's fraud and thus are recoverable.  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 793 (D.C. Cir. 1983).  To support these damages, 819D submits Potomac's application for payment to 819D listing the $50,285.00 in purported premium payments.  *See* Pl.'s Statement Ex. 3 at 3, ECF No. 31-4; *see also id.* Ex. 4, ECF No. 31-5 (listing bond payment as $50,285.00). 819D confirms that it paid Potomac based on this application.  *Id.* Ex. 5, ECF No. 31-6.  And 819D provides the calculation for the interest it paid.  *Id.* Ex. 6, ECF No. 31-7.  Based on this evidence, 819D can recoup the $**56,004.17**.

Third, 819D seeks to recover $308,395.52 it paid Potomac based on "forged and fraudulent subcontractor lien releases."  Pl.'s Statement at 2–3; *see also* Rubin Aff. ¶ 13.

---

[3]  There is a discrepancy between the amount noted for Check 102 in the list of payments ($1,368.28) and the amount provided on the copy of Check 102 ($1,315.98).  The Court uses the amount on the check to calculate the damages.

[4]  Indeed, some third-parties included on 819D's list do not match the entity provided on the checks.  *Compare* Pl.'s Statement Ex. 1 (listing Check 115 as payment to John Morris and Samantha Novick totaling $1,368.50), *with id.* Ex. 2 at 8 (Copy of Check 115 showing Canal View Holdings LLC as the entity to receive this amount).

Potomac would not have received the payments without these false representations.  *See* Pl.'s Statement Ex. 8 § 12, ECF No. 31-9.  As evidence, 819D presents Potomac's four payment applications requesting:  $128,212.42, $76,140.44, $96,507.50, and $29,971.04, respectively.[5]  *See id.* Ex. 7, ECF No. 31-8.  But 819D confirms payment for only the first three applications.  *Id.* at 7–10 (showing wire transfers and checks in the amounts requested in Potomac's first three applications).  There is no proof, however, that 819D paid Potomac for the final application.  The Court therefore will award only the amount it can confirm—**$278,424.48**.

Relatedly, 819D asks for $372,975.36, which represents Potomac's profits for the condominiums project.  Pl.'s Statement at 3; *id.* Ex. 9 at 2, ECF No. 31-10; *see also* Rubin Aff. ¶ 13.  The Court, however, remains unconvinced that "[819D] should still recover this full amount."  *819D I*, 2020 WL 5518215, at *4.  819D fails again to show why Potomac should not receive *any* fee for the work it performed on the project.  *See id.* ("819D does not allege that Potomac performed no work on the project, only that the work was defective and incomplete.").  819D will already recoup some payments made to Potomac, which seemingly comprise a portion of the profits 819D seeks to recover here.  819D cannot double-dip.  *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) ("[I]t goes without saying that the courts can and should preclude double recovery by an individual." (cleaned up)).  Since 819D still fails to "prove its entitlement to the amount of damages requested," the Court will not award them.  *Boland*, 304 F.R.D. at 36.

Next, 819D renews its request for $365,016.00 to recover the structural warranty bond for the condominiums project.  Pl.'s Statement at 3.  819D explains that the District of Columbia

---

[5]  The Court notes that the sum sought in Potomac's first payment application ($128,212.42) is greater than the amount 819D seeks to recover ($105,776.54).  *See* Pl.'s Statement Ex. 7 at 1, ECF No. 31-8.  The Court grants only the amount for which 819D can confirm payment, which is $105,776.54.  *Id.* at 7.

will not release the bond because there is ongoing litigation against 819D and others "alleging, in part, a statutory warranty claim." *Id.*; *see also* Rubin Aff. ¶ 16 ("As a direct result of [Potomac's] breach of its warranty obligations, 819D has not been able to obtain the release of a structural warranty bond which the District of Columbia continues to hold in the amount of $365,016.00."). But missing still is any evidence to "confirm that a structural warranty bond exists in this amount, or that the District of Columbia refuses to release that bond." *819D I*, 2020 WL 5518215, at *4. 819D also fails (again) "to justify why it is entitled to these compensatory damages *and* the declaratory relief sought." *Id.* Nor has 819D foreclosed recovering this bond from the District of Columbia in the future, after resolving the pending litigation. *See* D.C. Code § 42-1903.16(e)(2) (requiring that the warranty bond be maintained "until the claims have been finally resolved"). As before, the record does not support these damages. *Accord GAG Enters., Inc. v. Rayford*, 312 F.R.D. 230, 235 (D.D.C. 2015) ("Plaintiff does not state a basis as to why Defendant owes Plaintiff these costs.").

Finally, 819D seeks $27,465.00 in attorney's fees. Pl.'s Statement at 4. Whether to grant these fees is a "judgment call" requiring courts to determine whether the fees are "reasonable." *Combs v. Coal & Min. Mgmt. Servs., Inc.*, 105 F.R.D. 472, 475 (D.D.C. 1984) (cleaned up). "However, absent a statutory or contractual entitlement to attorney's fees, the so-called American Rule generally precludes parties from obtaining fees after prevailing in litigation." *Johnson-Lancaster & Assocs., Inc. v. TB Ballston, LLC*, No. 20-cv-1565 (CRC), 2020 WL 7481040, at *4 (D.D.C. Dec. 18, 2020). 819D identifies no statute or contractual provision that entitles it to recover attorney's fees here. Indeed, the construction contract only addresses attorney's fees that Potomac can recover and excludes any such fees arising from a dispute with 819D. *See* Pl.'s Statement Ex. 8 § 7.6.8 (allowing Potomac to obtain, with 819D's prior

approval, attorney's fees reasonably incurred in performance of work "other than those arising

from disputes between the Owner [819D] and Contractor [Potomac]").  The Court is sympathetic

to the attorneys' efforts here.  *See* Pl.'s Ex. 10, ECF No. 31-11.  But the fees are not recoverable.

*See Johnson-Lancaster & Assocs.*, 2020 WL 7481040, at *4 (declining to award attorney's fees

in default judgment because plaintiff cited no provision entitling it to recover these fees).

## IV.

For these reasons, it is hereby **ORDERED** that **JUDGMENT IS ENTERED** against

Defendant in the amount of $339,384.13.  It is further **DECLARED** that Defendant's warranty

obligations remain valid and that Defendant must continue to act in accordance with these

obligations.[6]  The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:  February 2, 2021           <u>                           </u>
                                  TREVOR N. McFADDEN, U.S.D.J.

---

[6]  819D asked the Court to confirm the declaratory relief granted in the prior memorandum order.
*See* Pl.'s Statement at 4.